IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY LYNN FERNAU | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| ALYNEVYCH INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARY LYNN FERNAU, hereinafter referred to as Plaintiff, and files this her Original Complaint complaining of ALYNEVYCH INC., hereinafter referred to as Defendant, and in support thereof would show the Court as follows:

1. Plaintiff is a resident of the State of Texas.

2. Defendant is a foreign corporation, and therefore a non-resident, who engages in business within the meaning of §17.042, V.T.C.A., Civil Practice and Remedies Code in the State of Texas and Harris County, Texas, but does not maintain a regular place of business in this state or a designated agent for service of process. Thus pursuant to §17.044(b), V.T.C.A., Civil Practice and Remedies Code, the Secretary of State of Texas is an agent for service of process on this Defendant and may be served by serving duplicate copies of process upon the Secretary of State of Texas, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Travis County,Texas 78701. The Secretary of State of Texas immediately upon being served with said process shall immediately mail a copy of the process to said Defendant at Defendant's home office at 4310 Transworld Road,

Schiller Park, Illinois 60176, by registered mail, or certified mail/return receipt requested in accordance with §17.045(a) and §17.045(d), V.T.C.A., Civil Practice and Remedies Code.

3. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a), in that there exists complete diversity of citizenship between Plaintiff and Defendant herein, and the amount in controversy vastly exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C §1391(a) because Defendant continuously and systematically does business within the Southern District of Texas, is subject to personal jurisdiction in the Southern District of Texas, and is deemed a resident of the Southern District of Texas pursuant to 28 U.S.C. §1391(c). Further, venue is proper in the Southern District of Texas because this Court possesses jurisdiction over the subject matter of this controversy.

5. On or about March 24, 2022, Plaintiff was traveling West on Interstate 10 (Katy Freeway) when the unknown agent, servant, and/or employee driver of Defendant's tractor-trailer, changed lanes when it was unsafe to do so, struck the Plaintiff's vehicle, and then proceeded to drive on and leave the scene of the collision. The unknown agent, servant, and/or employee driver of Defendant's tractor-trailer is believed to have been in the course and scope of his employment with Defendant at the time of his operation of the tractor-trailer. Defendant's unknown agent, servant, and/or employee driver of Defendant's tractor-trailer, in failing to pay attention to the traffic around him, and in changing lanes when it was unsafe to do so, was the cause of the incident in question. This collision caused Plaintiff to suffer serious, debilitating, and permanent injuries.

6. Plaintiff would respectfully show that nothing she did nor failed to do caused or in any way contributed to cause the occurrence in question. On the contrary, the collision in question was proximately caused by the failure of the unknown agent, servant, and/or employee driver of Defendant's tractor-trailer to operate his vehicle with ordinary care and by their driver's violations of the statutes of the State of Texas in some one or more of the following particulars:

(a) In that the unknown agent, servant, and/or employee driver of Defendant's tractor-trailer operated the vehicle which he was driving in a careless and reckless manner, in violation of Statute 545.401 of the Texas Transportation Code;

(b) In that the unknown agent, servant, and/or employee driver of Defendant's tractor-trailer failed to keep a proper lookout for other vehicles at the time of and on the occasion made the basis of this suit, in violation of Statute 545.060 of the Texas Transportation Code;

(c) In that the unknown agent, servant, and/or employee driver of Defendant's tractor-trailer failed to keep the vehicle which he was driving under reasonable and proper control, in violation of Statute 545.060 of the Texas Transportation Code;

(d) In that the unknown agent, servant, and/or employee driver of Defendant's tractor-trailer changed lanes unsafely, in violation of the Statutes of the Texas Transportation Code; and

(e) In more particularity to be shown at the time of trial.

7. Each and all of the above and foregoing acts on the part of the unknown agent, servant, and/or employee driver of Defendant's tractor-trailer, both of omission and commission, were negligent and constituted negligence, negligent entrustment and negligence per se, and were each and all a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiff.

8. As a result of the aforesaid negligence on the part of the Defendant, and the unknown agent, servant, and/or employee driver of Defendant's tractor-trailer, Plaintiff has suffered injuries and damages, including damages to her property. Plaintiff has suffered all legal elements of damages

recognized by law, including physical pain and mental anguish, physical impairment, disfigurement, loss of ability to perform household services, and loss of earnings and/or earning capacity, and has incurred reasonable and necessary medical bills and expenses. Plaintiff will, in all reasonable probability, continue to suffer some or all of said legal elements of damages in the future beyond the date of trial of this cause. Accordingly, Plaintiff maintains this suit against Defendant, and the unknown agent, servant, and/or employee driver of Defendant's tractor-trailer, jointly and severally, for each of Plaintiff's foregoing legal elements of damages in a just and reasonable sum within the jurisdictional limits of this Honorable Court of monetary relief over TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) but not more than ONE MILLION AND 00/100 DOLLARS ($1,000,000.00), a demand for judgment for all the other relief to which Plaintiff deems herself entitled, plus pre-judgment and post-judgment interest on her damages as permitted by law.

9. Plaintiff respectfully asserts the request to be allowed to have the elements of damages considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for the injuries, losses and damages incurred, and to be incurred, and that each element of Plaintiff's respective damages be considered separately and individually, segregating the past and future losses, so that pre-judgement interest due Plaintiff may be computed.

10. Plaintiff reserves the right to supplement and/or amend this pleading as discovery progresses.

11. **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer herein; and that upon final determination of this cause of action, Plaintiff have and recover judgment against Defendant, and Defendant's unknown agent, servant, and/or employee driver of Defendant's tractor-trailer jointly and severally, for all actual damages to which she may

be entitled; that Plaintiff recover all pre-judgment and post-judgment interest as allowed by law; that Plaintiff recover all costs of Court; that Plaintiff recover reasonable and necessary attorney's fees incurred; and all such other and further relief, both general and special, in law or in equity, to which Plaintiff may show himself justly entitled and for which she will ever pray.

Respectfully submitted,

MATTHEWS & FORESTER

*/s/ C. Matthews*

CHAD MATTHEWS
TSB # 00787980
FEDERAL ID #17004
3027 Marina Bay Drive, Suite 320
League City, Texas 77573
(281) 535-3000
(281) 535-3010 (FAX)
cmatthews@matforlaw.com

ATTORNEY IN CHARGE FOR PLAINTIFF